IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

      **Plaintiff,**

      v.                                  CASE NO. 24-3063-JWL

(FNU) (LUN) (1), Chief, Olathe
Police Department, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Johnson County Adult Detention Center in New Century, Kansas ("JCADC"). The Court granted Plaintiff's motion (Doc. 2) for leave to proceed in forma pauperis. On May 22, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why the Court should not abstain from hearing his matter under *Younger v. Harris*, 401 U.S. 37, 45 (1971). This matter is before the Court on Plaintiff's second Motion for Leave to Proceed In Forma Pauperis (Doc. 8), Motion to Amend Complaint (Doc. 9), and Motion to Stay Claims (Doc. 10).

      **1) Motion for Leave to Proceed In Forma Pauperis (Doc. 8)**

Plaintiff previously filed a motion for leave to proceed in forma pauperis (Doc. 2) and the Court granted the motion in the MOSC. Therefore, the current motion is denied as moot.

      **2) Motion to Amend Complaint**

Plaintiff seeks to clarify that he "meant to hold the Board of Directors [of] Johnson County liable under their Individual Capacities in their roles for not safe [sic] preventing Crump from police brutality through preventative policy, procedure and guidelines." (Doc. 9, at 1.)

1

Plaintiff notes that he named the Johnson County Board of Directors and the Superintendent of Olathe as defendants in his Complaint based on his official capacity claims against them. *Id*. Plaintiff alleges that he also meant to allege individual capacity claim against these defendants.

Plaintiff named the following defendants in his Complaint: the Chief of Police of the Olathe Police Department; the Superintendent of the City of Olathe, Kansas; the Johnson County, Kansas, Board of Commissioners; the Olathe Police Department Shift Commander; Olathe Police Department Officer #1, K9 Handler; and Olathe Police Department Officer #2, Shotgun Handler. Although is unclear who Plaintiff is referring to as the "Superintendent of Olathe, Kansas," and it appears that the "Directors" Plaintiff refers to are the Board of Commissioners, the Court will grant the motion to amend to the extent that the Complaint will be supplemented to clarify that Plaintiff's claims against these defendants will be considered as claims against them in both their individual and official capacities.

**3) Motion to Stay Claims**

The Court's MOSC required Plaintiff to show good cause why the Court should not abstain under *Younger* and dismiss this case without prejudice or stay this case pending resolution of his state criminal case. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court found that Plaintiff acknowledged that his claims relate to his pending state criminal proceedings in Johnson County, Kansas, where he is charged with aggravated assault on a law enforcement officer. *See State v. Crump*, Case No. 23CR02273 (District Court of Johnson County, Kansas) (filed July 5, 2023).

Plaintiff seeks compensatory damages in this case. The Court found in the MOSC that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified*

*Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

In response to the MOSC, Plaintiff has filed a motion seeking to stay his claims pending resolution of his state court criminal proceedings.  (Doc. 10, at 1.)  Plaintiff asks the Court "to exercise its discretion to stay the claims set forth in his § 1983 civil complaint."  *Id*. at 2.  The Court will grant the motion to the extent that Plaintiff seeks to stay this case pending resolution of Plaintiff's state court criminal proceedings. To the extent Plaintiff also makes arguments that *Younger* abstention should not apply, the Court rejects those arguments.

Plaintiff also makes arguments in his motion to stay regarding his conditions at the JCADC, including his medical care and denial of a wheelchair.  The Court found in the MOSC that Plaintiff has already filed a case regarding his medical care and it remains pending.  *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL.  The Court ordered a *Martinez* Report regarding Plaintiff's claims in that case.  The Court found in the MOSC that "these same claims in the current case are subject to dismissal as duplicative."  Doc. 7, at 7; *see also Crump v. Clemens*, Case No. 24-3076-JWL (includes claims regarding medical care); *Crump v. Vital Core*, Case No. 24-3090-JWL (includes claims regarding denial of wheelchair).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 8) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 9) is **granted** to the extent that the Complaint will be supplemented to clarify that Plaintiff's claims against the Superintendent of the City of Olathe, Kansas, and the Johnson County, Kansas, Board

of Commissioners, will be considered as claims against them in both their individual and official capacities.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Claims (Doc. 10) is **granted** to the extent that the Court will stay this case pending the resolution of Plaintiff's state court criminal proceedings. Plaintiff should notify the Court when his state court criminal case has concluded.

**IT IS SO ORDERED**.

Dated June 13, 2024, in Kansas City, Kansas.

S/   James P. O'Hara
JAMES P. O'HARA
UNITED STATES MAGISTRATE JUDGE
