IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

v.                                                                                        CASE NO. 24-3063-JWL

(FNU) (LUN) (1), Chief, Olathe
Police Department, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Johnson County Adult Detention Center in New Century, Kansas. Plaintiff is now housed at the Johnson County Adult Residential Center in New Century, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. This matter was stayed pending the resolution of Plaintiff's state criminal proceedings. The stay has been lifted and this matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 15). The Court's screening standards are set forth in the Court's Memorandum and Order to Show Cause at Doc. 7 ("MOSC"). The Court will grant Plaintiff an opportunity to file a second amended complaint.

On June 13, 2024, the Court granted Plaintiff's motion to stay this case and stayed this case pending resolution of Plaintiff's state court criminal proceedings. (Doc. 11.) Despite the stay, Plaintiff filed a motion to amend his complaint. (Doc. 13.) The Court entered an Order (Doc. 14) granting the motion and directing the Clerk to file his proposed amended complaint as his First Amended Complaint. The Court's order provided that the case would remain stayed. (Doc. 14, at 2.)

Despite the stay, Plaintiff filed an "Affidavit" (Doc. 16) seeking to "update information in the claim filed and to include factual evidence to individual claims in order to clearly establish these claims." (Doc. 16, at 1.) Plaintiff sought to update the names of two of the defendants, and to add facts and arguments regarding a Monell claim.[1] *Id*. at 1–5. The Court entered an Order (Doc. 17) treating the affidavit as a motion to correct the docket and directed the Clerk to correct the Defendants' names on the docket. (Doc. 17, at 1.) The Court further held that "[t]o the extent Plaintiff makes additional arguments or seeks any other relief in the pleading, the request is denied and the Court will not be taking any additional action regarding the pleading or arguments" and cautioned Plaintiff "that his case has not passed screening and is currently stayed." *Id*. at 2.

On January 24, 2025, the Court entered an Order (Doc. 20) lifting the stay in this case and indicating that the Court would proceed with screening Plaintiff's Amended Complaint. Before the Court had an opportunity to enter a screening order, Plaintiff filed a Petition for Criminal Charges (Doc. 21) and a Motion to Reconsider (Doc. 22) on January 26, 2025. Plaintiff has also filed two more "Affidavits." (Docs. 23, 24.)

Plaintiff's "Petition" asks the Court to recommend criminal charges against Officers John Gunthrie, Adam Wray, and K. Clausis [sic]. (Doc. 21, at 1.) The Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the Defendants. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*,

---

[1] *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978).

102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor."). The request set forth in Plaintiff's "Petition" is denied.

Plaintiff also filed a motion asking the Court to "reconsider his motion to update facts in this case." (Doc. 22, at 1.) Plaintiff states that he filed an affidavit "to update information regarding the Monel [sic] claim including recent case rulings against the Olathe Police Department and Defendants that are applicable to establishing guilt of the Defendants." *Id*. He claims that the motion was not considered and was denied without prejudice due to the fact that there was a pending criminal case on this matter. *Id*. The Court will grant the motion to the extent that the Court will grant Plaintiff an opportunity to file a second amended complaint.

Plaintiff's Amended Complaint uses the Court-approved form, but includes over 30 additional pages of handwritten allegations that are not organized into counts. In filing a second amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home*

*Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

All of Plaintiff's claims should be submitted on the Court-approved form utilizing the areas for setting forth his individual counts or claims. The Court is not required to sift through various affidavits and handwritten dialogue to determine Plaintiff's claims. Plaintiff does not need to resubmit his exhibits, including his photographs. *See* Doc. 23–1; Doc. 23–2; Doc. 23–3; and Doc. 24.

Plaintiff is given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the second amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the second amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3063-JWL) at the top of the first page of the second amended complaint and must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the second amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper second amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim

for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that any request for relief in Plaintiff's Petition for Criminal Charges (Doc. 21) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider (Doc. 22) is **granted** to the extent that the Court will grant Plaintiff an opportunity to file a second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 28, 2025,** in which to submit a second amended complaint on the Court-approved form.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 27, 2025, in Kansas City, Kansas.**

>    **S/ John W. Lungstrum**
>    **JOHN W. LUNGSTRUM**
>    **UNITED STATES DISTRICT JUDGE**