IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.                                      CASE NO. 24-3063-JWL

(FNU) (LUN) (1), Chief, Olathe
Police Department, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Johnson County Adult Detention Center in New Century, Kansas ("JCADC"). Plaintiff is currently housed at the Johnson County Adult Residential Center in New Century, Kansas ("JCARC"). The Court granted Plaintiff leave to proceed in forma pauperis.

**I. Background**

On May 5, 2025, the Court entered a Memorandum and Order (Doc. 28) ("M&O") ordering Plaintiff to show good cause why the following claims should not be dismissed: Plaintiff's Fourteenth Amendment claim based on excessive force; Plaintiff's Fourteenth Amendment claim based on reprehensible conduct; Plaintiff's claim for abuse of discretion; Plaintiff's claim under 15 U.S.C. § 1117(a); Plaintiff's Fourteenth Amendment equal rights claim; and Plaintiff's claim under 42 U.S.C. § 1981. The Court ordered Olathe Police Department ("OPD") officials to prepare a *Martinez* Report for Plaintiff's remaining claims. *See*

1

*Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). This matter is before the Court on Plaintiff's response (Doc. 29) to the M&O.

**II. Discussion**

Plaintiff's factual allegations are set forth in the Court's M&O, and the Court's screening standards are set forth in the Court's Memorandum and Order to Show Cause at Doc. 7. In summary, Plaintiff's claims are based on alleged excessive force used when Plaintiff was encountered by OPD officers on July 4, 2023, and his subsequent criminal prosecution in state court. As Count I, Plaintiff alleges excessive force in violation of the Fourth Amendment based on his encounter with OPD officers. *Id*. at 37. As Count II, Plaintiff alleges excessive force in violation of the Fourteenth Amendment based on the same encounter. *Id*. As Count III, Plaintiff alleges a Fourth Amendment illegal seizure claim, alleging that officers illegally stopped him, failed to identify themselves, failed to inform Plaintiff that he was under arrest, and never clearly articulated a reasonable suspicion of a crime. *Id*. at 38. Plaintiff has also alleged false imprisonment and malicious prosecution.

The Court found in the M&O that Plaintiff's Second Amended Complaint (Doc. 27) ("SAC") contains over 30 additional pages of handwritten allegations that are not properly organized into counts on the Court-approved form. Plaintiff lists additional counts in his attached handwritten pages as follows: Count 4 – 14th Amendment Reprehensible Conduct; Count 5 – Abuse of Discretion; Count 6 – 15 U.S.C. § 1117(a); Count 7 – Malicious Prosecution; Count 8 – 14th Amendment Intentional and Negligent Infliction of Emotional Distress; Count 9 – 14th Amendment Equal Rights; Count 10 – § 1981; and Count 11 – ADA Title II, 42 U.S.C. § 12132.

The Court found that Plaintiff's malicious prosecution/false imprisonment claim is

included in Plaintiff's Fourth Amendment claim in Count III and that Plaintiff's ADA claim was not subject to dismissal at this time. The Court found that none of the other additional counts state a valid claim for relief and are subject to dismissal. Plaintiff was ordered to show good cause why these claims should not be dismissed.

### 1. Count II - Fourteenth Amendment claim based on excessive force

As Count I of Plaintiff's SAC, he alleges excessive force in violation of the Fourth Amendment based on his encounter with OPD officers. As Count II, Plaintiff alleges excessive force in violation of the Fourteenth Amendment based on the same encounter. The Court found in the M&O that "[e]xcessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). "When an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

The Court found that Plaintiff's Fourteenth Amendment claim based on excessive force was subject to dismissal because his excessive force claim is properly cognizable under the Fourth Amendment. In his response, Plaintiff argues that the 14th Amendment can apply if the "abuse" continues after the seizure is complete. (Doc. 29, at 10.) Plaintiff argues that he was attacked by the K-9 after he was in custody. However, the K-9 attack was part of his encounter with the OPD officers on July 4, 2023, prior to or during his arrest. Elsewhere in his response, he states that the K-9 attack occurred after he was body slammed while attempting to surrender. *Id*. at 13. Plaintiff has failed to show good cause why this claim should not be dismissed.

### 2. Count 4 - Fourteenth Amendment claim based on reprehensible conduct; and Count 5 - claim for abuse of discretion

The Court found in the M&O that Plaintiff failed to state a claim based on reprehensible conduct or abuse of discretion, noting that he provides no explanation for these claims other than to state that they entitle him to punitive or double damages. In his response, Plaintiff alleges that under state law he is entitled to "double recovery" based on "abuse of discretion." (Doc. 29, at 5.) His argument suggests that he believes he is entitled to double recovery under the Kansas Tort Claims Act. Plaintiff does not indicate how this provides him with a cause of action in this case.

Plaintiff also alleges that Defendants "conducted reprehensible acts," and then sets forth the allegations supporting his excessive force claim. *Id*. at 13. Plaintiff does not indicate why these same acts provide a cause of action separate from his excessive force claim. Plaintiff has failed to show good cause why these claims should not be dismissed.

### 3. Count 6 - Plaintiff's claim under 15 U.S.C. § 1117(a)

The Court found in the M&O that this statute does not apply in this case, and deals with trademarks and damages based on "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office." *See* 15 U.S.C. § 1117(a). Plaintiff does not address this claim in his response, and it is dismissed for failure to state a claim.

### 4. Count 9 - Fourteenth Amendment equal rights claim; and Count 10 - claim under 42 U.S.C. § 1981

The Court found that Plaintiff failed to provide factual allegations to support a Fourthteenth Amendment equal rights claim or a claim under § 1981. Plaintiff alleges that Defendants violated his due process rights through "selective enforcement and apprehension of a person who suffers from mental illness." (Doc. 27, at 18.) Plaintiff alleges that Defendants

4

treated him differently because he was suffering from mental illness. However, Plaintiff states that the OPD officers were responding to 911 calls regarding Plaintiff, not due to selective enforcement. *See id.* at 14 ("A person called 911 to report Crump having been walking in the street possibly needing help. . . . Crump had tried to wave down the vehicle that passed, but the driver only called the police."). Plaintiff also alleges in his SAC that he should have been treated differently due to his mental illness, but was not. The Court found that Plaintiff failed to state a claim based on discrimination or the denial of equal protection.

"To establish a claim under § 1981, Plaintiff must show that he is '(1) [a] member[ ] of a protected class; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981.'" *Phan v. Nat'l Jewish Health*, 2018 WL 10425416, at *2 (D. Colo. 2018), *aff'd* 762 F. App'x 502 (2019) (citing *Shawl v. Dillard's Inc.*, 17 F. App'x 908, 911 (10th Cir. 2001)). Plaintiff has not alleged sufficient facts suggesting that he was discriminated against on the basis of his race or otherwise.[1]

In his response, Plaintiff argues that he is a member of a protected class under the ADA, and he has a constitutional right to freely walk down the road and sidewalk. (Doc. 29, at 18.) Plaintiff's response fails to allege discriminatory intent. He acknowledges that he was walking in the road carrying a rock and other motorists called 911 to seek assistance. Plaintiff has failed to show good cause why these claims should not be dismissed.

**5. Additional Claims in Response**

The Court noted in the M&O that although Plaintiff alleges intentional and negligent infliction of emotional distress in violation of the Fourteenth Amendment, these are state law

---

[1] In discussing the failure to train, Plaintiff makes the bald conclusion, without factual support, that he is white and "[t]he Police Chief maintains a discrimination against 'whites.'" (Doc. 27, at 32.) Plaintiff then suggests that the discrimination is the result of training the police to prevent police brutality against people of color (based on riots reported in the media), but not training them to prevent police brutality against white people. *Id*. at 32–33. These bald conclusions do not support a claim of discrimination.

claims. The Court noted that:

> Plaintiff has also included a running dialogue under the heading "State Claims," that addresses the damages he believes he is entitled to and the details of his alleged injuries. It also includes citations to case law and references to terms like "respondeat superior," "deliberate indifference," "gross negligence," "failure to investigate," "breach of duty," and "Superior Liability." *Id*. at 23–26. Plaintiff also references causes of action that are criminal in nature. *Id*. at 25–26. Plaintiff also references his medical care, which is the subject of one of his other cases. *Id*. at 22, 27. Plaintiff also references a claim for defamation. *Id*. at 28.
> 
> The only state law claims the Court can decipher from Plaintiff's dialogue, is a claim for negligent/intentional infliction of emotional distress, negligence, and defamation. The Court has advised Plaintiff that his causes of action should be set forth in counts on the Court-approved form and that the Court is not required to sift through various affidavits and handwritten dialogue to determine Plaintiff's claims. The Court will not dismiss the state law claims for negligent/intentional infliction of emotional distress, negligence, and defamation at this time, but if none of Plaintiff's federal claims survive screening, the Court may decline to exercise supplemental jurisdiction over any state law claims. Plaintiff should clarify in his response if he believes he has asserted any additional state law causes of action. It also appears that Plaintiff has pending state court actions that may address his state law claims. He filed an action against Megan Ahsens, Jonathan Gunthrie, Samantha Shannon, and Billy Wyrick, then filed a "Motion to Place on Hold," indicating that he would pursue the case if the Federal Court does not take jurisdiction over the claims. *See Crump v. Gunthrie*, Case No. 24CV03729 (District Court of Johnson County, Kansas, filed July 22, 2024); *see also Crump v. Olathe Chief of Police*, Case No. 24CV02737 (District Court of Johnson County, Kansas, filed May 30, 2024) (with Plaintiff filing a similar Motion to Place Case on Hold).

(Doc. 28, at 5–6.)

Although the Court gave Plaintiff an opportunity to clarify whether or not any other state law claims were asserted in his handwritten pages, he was not granted leave to submit a third amended complaint to include additional claims. Plaintiff's response sets forth multiple counts that were not included in his SAC. He states that Count 8 is an Eight Amendment claim based

on his excessive force allegations. (Doc. 29, at 16–17.) However, Plaintiff has already alleged excessive force under the Fourth Amendment and the claim is not cognizable under the Eighth Amendment. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). Furthermore, Plaintiff has already included a different "Count 8" in his SAC.

Plaintiff also asserts a "Count 22" based on an alleged substantive due process violation, and a "Count 13" based on the failure to provide medical care. (Doc. 19, at 14, 22.) The Court noted in the M&O that it had previously held that:

> Although Plaintiff also alleges that he has not received adequate medical care for his injuries, he has already filed a case regarding his medical care and it remains pending." *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL. The Court ordered a *Martinez* Report regarding Plaintiff's claims in that case. *See id.* at Doc. 7. Therefore, these same claims in the current case are subject to dismissal as duplicative.

(Doc. 28, at n.1.)

Plaintiff's response also sets forth state law claims for assault and battery as Count 13; a state law claim for "abuse of discretion" as Count 14; a claim for "abuse of process" as Count 15; a "demand for punitive damages under K.S.A. 60-3703 and K.S.A. 60-3701 as Count 16; a claim for "failure to investigate, negligent investigation" as Count 17; a claim for mistreatment of a confined person in violation of K.S.A. 21-5416 as Count 18; a claim for "negligent failure to render aid" as Count 19; a claim for "civil conspiracy or cover-up" as Count 20; and a claim under the Kansas Act Against Discrimination at Count 21. (Doc. 29, at 3–10.)[2] Some of these "counts" deal with damages and some are duplicative of claims that are being dismissed or are included in other counts. Other claims are not proper causes of action.

---

[2] Plaintiff's response also addresses his claims that were not subject to dismissal. *See* Doc. 29, at 2–3 (discussing malicious prosecution and false imprisonment claim), and at 14–16 (discussing Monell claim).

For example, Plaintiff asserts a claim for mistreatment of a confined person under K.S.A. § 21-5416.  There is no indication that Kansas courts have found that this criminal statute can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted). The Kansas statute cited by Plaintiff is a criminal statute that does not mention civil liability and is not enforceable through a civil lawsuit.

The Court will reserve ruling on whether or not Plaintiff should be granted leave to file a third amended complaint to add additional state law claims.  The Court will first determine if any of Plaintiff's federal claims survive screening after the Court has received and reviewed the *Martinez* Report.

### III.  Motion to Waive PACER Fees

Plaintiff has filed a Motion to Wave [sic] PACER Fees (Doc. 30), asking the Court to issue an order exempting him from paying PACER access fees based upon his inability to work and lack of income. (Doc. 30, at 1.)  For the reasons set forth below, the Court denies the motion without prejudice.

Plaintiff was incarcerated when he initially filed suit.  He received all notifications and documents filed via U.S. Mail. When he was released from custody and moved to the Johnson

County Adult Residential Center, he chose to receive electronic notification of documents filed in this case. By making this choice he incurred the nominal fee charged by the Public Access to Court Electronic Records ("PACER") system to view and download court records. The PACER system charges $0.10 per page, not to exceed the fee for thirty pages to view and download any case document.

Pursuant to the Electronic Public Access Fee Schedule[3] courts "may exempt certain persons or classes of persons from payment of the user access fee."[4] "Examples of individuals and groups that a court may consider exempting include: indigents, bankruptcy case trustees, *pro bono* attorneys, *pro bono* alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions."[5] When considering granting an exception a court must find "those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."[6]

In support of his motion, Plaintiff alleges he was "forced to file a civil suit and utilize the PACER to proceed in holding the Defendants liable." (Doc. 30, at 1.) He further alleges he "cannot afford to have PACER block [his] access to records or inhibit [his] ability to file electronically." *Id*. Plaintiff argues that he received a notice that his credit card was declined when attempting to pay his PACER fees. *Id*. at 2–3. What Plaintiff's argument ignores is that he is not prevented from withdrawing his request for electronic notification and returning to receiving notification and filing paper documents with the Clerk's Office via U.S. Mail. Plaintiff is currently a resident at the JCARC where he can send and receive mail. The Court finds

---

[3] https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (eff. Jan., 2020).
[4] *Id*. at ¶ 9.
[5] *Id*.
[6] *Id*.

Plaintiff has not, at this time, demonstrated an exemption is necessary to avoid unreasonable burdens and to promote public access to information. Should Plaintiff cease to be a resident of the JCARC and be in a position where he no longer has a valid mailing address, he can raise the issue again at that time. In the meantime, Plaintiff is encouraged to contact the Clerk's Office regarding withdrawal of his electronic notification and filing privileges and return to using the U.S. Mail.

### IV. Conclusion

Plaintiff was ordered to show good cause why the following claims should not be dismissed for the reasons set forth in the Court's M&O: Plaintiff's Fourteenth Amendment claim based on excessive force; Plaintiff's Fourteenth Amendment claim based on reprehensible conduct; Plaintiff's claim for abuse of discretion; Plaintiff's claim under 15 U.S.C. § 1117(a); Plaintiff's Fourteenth Amendment equal rights claim; and Plaintiff's claim under 42 U.S.C. § 1981. Plaintiff's response fails to show good cause why these claims should not be dismissed.

Plaintiff's remaining claims will be screened under 28 U.S.C. § 1915A after the *Martinez* Report has been submitted and reviewed by the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Wave [sic] PACER Fees (Doc. 30) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the following claims are dismissed for failure to state a claim: Plaintiff's Fourteenth Amendment claim based on excessive force; Plaintiff's Fourteenth Amendment claim based on reprehensible conduct; Plaintiff's claim for abuse of discretion; Plaintiff's claim under 15 U.S.C. § 1117(a); Plaintiff's Fourteenth Amendment equal rights claim; and Plaintiff's claim under 42 U.S.C. § 1981.

**IT IS SO ORDERED**.

**Dated May 23, 2025, in Kansas City, Kansas.**

                                                      **S/ John W. Lungstrum**
                                                     **JOHN W. LUNGSTRUM**
                                                     **UNITED STATES DISTRICT JUDGE**