IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

      **Plaintiff,**

      v.                                          CASE NO. 24-3063-JWL

(FNU) (LUN) (1), Chief, Olathe
Police Department, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Johnson County Adult Detention Center in New Century, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On May 5, 2025, the Court entered a Memorandum and Order (Doc. 28) ("M&O"), finding that various claims in Plaintiff's Second Amended Complaint (Doc. 27) ("SAC") were subject to dismissal, and finding that the proper processing of Plaintiff's remaining claims could not be achieved without additional information from appropriate Olathe Police Department ("OPD") officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate OPD officials to prepare and file a *Martinez* Report on these claims. The M&O provides that "[u]pon the filing of that Report, the Court will screen Plaintiff's SAC . . . [and] [i]f the SAC survives screening, the Court will enter a separate order for effecting service on defendants." (Doc. 28, at 18.) The M&O further provides that "[n]o motion addressed to the SAC shall be filed until the *Martinez* Report required herein has been prepared," and "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the SAC." *Id*. at 19.

1

Although the Report was filed on June 13, 2025, the Court entered an Order (Doc. 36) on June 20, 2025, granting the Interested Party until July 7, 2025, in which to supplement the *Martinez* Report at Doc. 34 with any relevant videos or photographs, or to explain why they are unavailable.  The Court extended the deadline to July 28, 2025.  (Doc. 44.)  This matter is before the Court on multiple motions filed by Plaintiff.

**1) Plaintiff's Motion to Reserve the Right to Submit Video Evidence Upon Non-Compliance by Defendants (Doc. 45):**

Plaintiff states that he is in possession of the video evidence requested by the Court, and moves for "an order allowing him to reserve the right to submit relevant video evidence at a later date, should the Defendants or Interested Parties fail to comply with the Court's Order entered at Doc. 44, requiring production of video or photographic evidence on or before July 28, 2025."  (Doc. 45, at 1.)  The Court grants the motion.  However, Plaintiff should refrain from providing the Court with any video evidence at this time.  The Court will advise Plaintiff if and when he needs to submit the videos.

**2)   Plaintiff's Motion for Court-Funded Litigation Support Due to Indigency, Disability, and the Fundamental Nature of Access to Justice (Doc. 47):**

Plaintiff asks the Court to supply him with $101,600 to fund his litigation, or in the alternative, to appoint limited-scope counsel and authorization of expert services.  (Doc. 47, at 1.)  Plaintiff attaches his litigation budget and an affidavit of poverty and disability.  *Id*. at 5, 7.  Discovery is premature at this point and Plaintiff has been advised to refrain from filing pleadings until the Court has screened the remaining claims in his SAC following the Court's receipt of the supplements to the Report.  Therefore, Plaintiff is not required to take any action at

this time. In addition, because Plaintiff is proceeding in forma pauperis, the Court will effect service of process if any of Plaintiff's claims survive screening. *See* Fed. R. Civ. P. 4(c)(3).

Plaintiff is also not entitled to the appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies any request for the appointment of counsel without prejudice to refiling the request if Plaintiff's SAC survives screening.

**3)   Plaintiff's Motion for Reasonable Accommodations Under the Americans with Disabilities Act (ADA) (Doc. 48):**

Plaintiff alleges that he suffers from a permanent spinal injury that resulted in chronic

pain, limited mobility, and other disabling conditions. (Doc. 48, at 1.) Plaintiff alleges that due to his disabilities he cannot physically appear for extended periods of time in court or at law offices. Plaintiff also alleges that he cannot easily file documents, and that he requires additional time and accommodations to litigate this case.

Plaintiff is not currently required to appear in person in court or otherwise. At such time as he is required to appear, he may ask for accommodations at that time, including permission to appear by video conference or telephone. To the extent that he needs additional time to meet a deadline, he should file a motion for an extension of time regarding the specific deadline. Plaintiff's claim that he cannot easily file documents appears to be without merit. Plaintiff has been emailing filings to the Court and has filed multiple motions and affidavits, even when advised to refrain from filing them. Plaintiff's motion is denied without prejudice to seeking future modifications, accommodations, or extensions of time, if necessary.

**4) Plaintiff's Motion to Compel Access to Martinez Report and Disclosures Filed by Defendants (Doc. 49):**

Plaintiff seeks an order from the Court compelling Defendants to provide Plaintiff with a full copy of the *Martinez* Report filed in this case, along with any Rule 26(a)(1) initial disclosures, discovery materials, and filings submitted by Defendants. (Doc. 49, at 1.) Plaintiff alleges that he has not been able to receive documents due to being blocked from access to PACER and excluded from electronic notifications. *Id*.

OPD Police Chief Mike Butaud, as Interested Party, has now entered a Certificate of Service (Doc. 50) indicating that a copy of the *Martinez* Report at Doc. 34 has been sent to Plaintiff by e-mail and by U.S. Mail, postage prepaid. Therefore, Plaintiff's request for a copy of the Report is moot. To the extent Plaintiff wants copies of initial disclosures, the Court noted in

the M&O that "[t]his action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f)." (Doc. 28, at 19.) Plaintiff's motion is denied. Plaintiff's access to filings in this case is addressed below.

**5) Plaintiff's Motion for Notification and Service of Filings by Mail and Email (Doc. 51):**

Plaintiff asks the Court to "order all notifications, docket updates, and filings by Defendants or the Court to also be served by U.S. Mail at the Plaintiff's listed address, pursuant to his constitutional right of access to the courts and in the interest of due process." (Doc. 51, at 1.) Plaintiff asks the Court to order the Clerk and Defendants' counsel to serve all filing upon Plaintiff by U.S. Mail at: 11016 Quivira Rd, #1010, Overland Park, KS 66210.

Plaintiff notes that he is blocked from using PACER due to his financial condition, and is therefore unable to view Court filings electronically or to receive email notifications. *Id*. Plaintiff has filed several motions seeking to waive PACER fees in this case. In denying the most recent motion, the Court found that:

> The Court noted in denying his first motion seeking to waive the fees, that Plaintiff was incarcerated when he initially filed this case, and was receiving all notification and documents filed via U.S. Mail. (Doc. 31, at 8.) The Court noted that Plaintiff subsequently chose to receive electronic notification of documents filed in this case, and that "[b]y making this choice he incurred the nominal fee charged by the Public Access to Court Electronic Records ("PACER") system to view and download court records." *Id*. at 9. The Court found that Plaintiff "is not prevented from withdrawing his request for electronic notification and returning to receiving notification and filing paper documents with the Clerk's Office via U.S. Mail." *Id*.
> Plaintiff has not, at this time, demonstrated an exemption is necessary to avoid unreasonable burdens and to promote public access to information. Plaintiff is encouraged to contact the Clerk's Office regarding withdrawal of his electronic notification and filing privileges and return to using the U.S. Mail.

(Doc. 42, at 2.) The Court will construe Plaintiff's motion as a request to withdraw his electronic notification and filing privileges for this case. The Court will grant the motion and will begin sending filings to Plaintiff by U.S. Mail. The Court will direct the Clerk to provide Plaintiff with a mailed copy of this Memorandum and Order and the docket in this case. Plaintiff can reapply for electronic filing and notification privileges if his financial situation changes in the future.

Plaintiff also requests to file pro se motions without a notary due to his financial condition. (Doc. 51, at 2.) The Court notes that Plaintiff is not required to have his pleadings notarized. Fed. R. Civ. P. 11 provides that pleadings must be signed by a party personally if they are unrepresented. Fed. R. Civ. P. 11(a). The Rule also provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit" and that by presenting to the pleading to the court, the unrepresented party is making various certifications as set forth in the Rule. Fed. R. Civ. P. 11(b). The Court's Local Rules require various pleadings to be verified. *See* D. Kan. Rule 9.1. The Rule provides that verified means "sworn under penalty of perjury." *Id*. at (a). Section 1746 provides that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> **(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> (Signature)".

> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

28 U.S.C. § 1746.

The Court construes Plaintiff's motion as a request to withdraw his electronic notification and filing privileges and to return to using the U.S. Mail. The Court grants the motion and will begin sending filings to Plaintiff by U.S. Mail. The Court directs the Clerk to provide Plaintiff with a mailed copy of this Memorandum and Order and the docket for this case. The Clerk is directed to take the proper steps to revoke Plaintiff's electronic notification and filing privileges for this case. Plaintiff can resubmit an application for electronic filing privileges if his financial situation changes to make PACER access practical in the future.

**6) Motion for Protective Order and Temporary Restraining Order to Prohibit Surveillance, Harassment, and Intimidation (Doc. 55):**

Plaintiff claims that he needs a protective order and temporary restraining order to prevent "extrajudicial surveillance, harassment, intimidation, and privacy violations by Defendants and their agents." (Doc. 55, at 1.) Plaintiff then lists who should be restrained and what they should be prohibited from doing. *Id*. at 1–2. Plaintiff then alleges that he has received "credible indications that law enforcement or their agents may seek to surveil, discredit, or intimidate him outside of the formal discovery process." *Id*. at 4.

Plaintiff provides no details as to what his credible indications are, or why he believes they warrant a protective order or injunctive relief. Plaintiff has failed to show that a protective order or injunctive relief is warranted at this stage of the proceedings. His SAC has not passed screening and discovery in this case is premature.

"The [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same." *Vietti v. Welsh & McGough, PLLC*, 2022 WL 1288314, at *2 (N.D. Okla. April 30, 2022) (citing *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order.")). "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Id*. (citing Fed. R. Civ. P. 65(b)).

A party seeking preliminary injunctive relief must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Derma Pen, LLC v. 4EverYoung Ltd.*, 737 F. App'x 396, 402 (10th Cir. 2018) (unpublished) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)). Whether sought through a TRO or a preliminary injunction, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have its request granted.

*Vietti*, 2022 WL 1288314, at *2 (citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Plaintiff has failed to show that preliminary injunctive relief is warranted. Plaintiff's motion is denied.

**7) Motion Under Federal Rule of Civil Procedure 26(b)(4)(E) for Court-Ordered Payment of Expert Witness Costs (Doc. 56):**

Plaintiff asks the Court to authorize payment of expert witness fees by the Court or Defendants pursuant to Fed. R. Civ. P. 26(b)(4)(E) and 28 U.S.C. § 1915(d). Plaintiff's SAC has not passed screening and discovery is premature at this stage of the proceedings. Plaintiff's motion is denied.

**8) Additional Filings**

The Court notes that Plaintiff has also filed two affidavits which include a letter from the

Internal Affairs Commander regarding his findings during the Internal Audit investigation, and photographs of his injuries. (Docs. 46, 52). Plaintiff should refrain from filing any additional documents until the Court has screened the SAC following the receipt of supplements to the Report. The Court will enter an order after screening is complete. Any additional motions filed by Plaintiff prior to the completion of the Court's screening may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reserve the Right to Submit Video Evidence Upon Non-Compliance by Defendants (Doc. 45) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court-Funded Litigation Support Due to Indigency, Disability, and the Fundamental Nature of Access to Justice (Doc. 47) is **denied without prejudice** to refiling a motion for appointment of counsel if Plaintiff's SAC survives screening. Any other requests in the motion are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reasonable Accommodations Under the Americans with Disabilities Act (ADA) (Doc. 48) is **denied without prejudice** to seeking modifications, accommodations, or extensions of time, as needed in the future.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Access to Martinez Report and Disclosures Filed by Defendants (Doc. 49) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Notification and Service of Filings by Mail and Email (Doc. 51) is construed as a request to withdraw his electronic notification and filing privileges and to return to using the U.S. Mail. The motion is **granted**, and the Court will begin sending filings to Plaintiff by U.S. Mail. The Court directs the Clerk to provide Plaintiff with a mailed copy of this Memorandum and Order and the docket for this case.

The Clerk is directed to take the proper steps to revoke Plaintiff's electronic notification and filing privileges for this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order and Temporary Restraining Order to Prohibit Surveillance, Harassment, and Intimidation (Doc. 55) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Under Federal Rule of Civil Procedure 26(b)(4)(E) for Court-Ordered Payment of Expert Witness Costs (Doc. 56) is **denied.**

**IT IS SO ORDERED**.

Dated July 18, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE